William R. Brenitan, Jr., J.
Application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the respondent Board of Zoning and Appeals of the Town of North Hempstead wherein the petitioner was denied permission to construct a hotel on premises located on the north side of Northern Boulevard, 533 feet west of Middle Neck Road, Great Neck, Town of North Hempstead.
The subject property has a frontage on Northern Boulevard of 200 feet and a depth of 280 feet. It is in a business “A ” District. A hotel is a permitted use. The petitioner applied for permission to build a hotel and swimming pool, but, because the plans apparently showed insufficient off-street parking area, the Building Inspector denied approval. A variance of article X section 109.1 of the Building Zone Ordinance was sought from and denied by the respondents.
It is the contention of petitioner that (1) a denial of the variance on October 25, 1961 was arbitrary and unreasonable, and (2) the ordinance itself is illegal and unconstitutional.
In view of the fact that petitioner applied for a variance of the ordinance, it must be assumed in this proceeding that the ordinance itself is valid. “ Many cases have stated that an application for a permit or variance under a zoning ordinance is primarily an appeal to the discretion of the board, which discretion is conferred upon it by the ordinance, and therefore by making the application the petitioner necessarily concedes, for the purpose of the application, the validity and constitutionality of the ordinance.” (Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508, 520). Therefore, the contention that the ordinance itself is unconstitutional must be disregarded.
The question remains whether or not the respondents’ determination upon the facts presented to it was arbitrary and unreasonable.
*1084 The ordinance (§ 109.1) of which a variance is sought requires “ two (2) square feet of parking space for each square foot of floor space used for commercial purposes within the main building.”
In its application for the variance the petitioner urged as a basis for relief that, “ It is economically and practically impossible to construct a building which will afford parking as required by the Ordinance, and applicant will suffer great unnecessary hardship and practical difficulty if not permitted to construct same.” An examination of the return submitted by the respondents does not reveal that the petitioner at the hearing presented any evidence to support the claim of unnecessary hardship or practical difficulties. (See Matter of Forrest v. Evershed, 7 N Y 2d 256, 261, 262.)
The mere fact that the petitioner wanted to erect a structure with some 32,096 square feet of floor area and could only provide a parking area of 31,000 square feet does not support either of the grounds specified. No evidence was given to the effect that the only use to which this parcel of property could be put under the ordinance was for a hotel and that a building with the floor area desired was necessary to produce a reasonable return.
The return consists of a summary of statements made by various persons interested in the application. Apparently, it was the contention of petitioner’s attorney at the hearing that to provide two parking spaces for each room in the hotel, other than public rooms such as the restaurant, was unnecessary.
Some reference is made to the room use by individuals as a residential rather than a commercial use and that if the room use is residential, the parking space provided — 1 space for 1 room or 80 spaces, and 24 spaces (7,200 square feet) for the commercial area (3,540 square feet) — would comply with the ordinance. However, as stated at the outset, the application for the variance was made on the premise that all of the floor area required two for one parking, i.e., it was all used for commercial purposes. Therefore, since the application was on that basis, the court cannot hold that the determination of the respondents made on that basis was arbitrary or unreasonable.
The observation may be made that the determination herein is without prejudice to any application that the petitioner may make for a permit to the Building Inspector on the ground that the parking space provided meets the requirement of the ordinance. Should such permit be denied and an appeal to the respondents be unsuccessful, a mandamus type article 78 proceeding may be commenced to compel the issuance of the permit. The fact that a hotel is defined by the ordinance as a building *1085 “ for a residential use ” (§ 180.27) would appear to support the belated contention of the petitioner that the rooms occupied by the guests should not be regarded as “ used for commercial purposes.” The petition is accordingly dismissed.